SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS BROWN WEB NETWORK, an entity of unknown origin and nature; and DOMINIQUE HOUSTON, an individual,<br><br>Defendants. | Case No.: 2:10-cv-01399-LRH-PAL<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Chris Brown Web Network ("Brown Web Network") and Dominique Houston ("Mr. Houston"; collectively with Brown Web Network known herein as the "Defendants"), on information and belief:

**NATURE OF ACTION**

1.   This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

**PARTIES**

2.   Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

1

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Brown Web Network is, and has been at all times relevant to this lawsuit, an entity of unknown origin and nature.

5. Attempts to find evidence of formal organizational status in the respective Secretary of State offices of Delaware, California, Illinois, New York, Texas, Tennessee, and Nevada demonstrate that, at least with respect to these states, Brown Web Network is not a formally organized business entity.

6. Brown Web Network is, and has been at all times relevant to this lawsuit, identified by the current registrar, GoDaddy.com, Inc. ("GoDaddy"), as the registrant of the Internet domain found at <chrisbrownconnection.com> (the "Domain").

7. Brown Web Network is, and has been at all times relevant to this lawsuit, identified by GoDaddy as an administrative contact and technical contact for the Domain.

8. Mr. Houston is, and has been at all times relevant to this lawsuit, identified by GoDaddy as an administrative contact and technical contact for the Domain.

**JURISDICTION**

9. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

10. As alleged herein, Righthaven is the owner of the copyright in and to the literary work entitled: "Citing cooperation in trial, judge gives man probation in tax case'" (the "Work"), attached hereto as *Exhibit 1*.

11. At all times relevant to this lawsuit, the Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

12. The Defendants willfully copied, on an unauthorized basis, a substantial and significant portion of the Work from a source emanating from Nevada.

13. On or about June 2, 2010, the Defendants displayed, and continued to display until on or about August 4, 2010, an unauthorized reproduction of the Work (the

"Infringement"), attached hereto as Exhibit 2, as part of the content accessible through the Domain (said content accessible through the Domain and the Domain itself known herein as the "Website").

14. At all times relevant to this lawsuit, the Infringement has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

15. At all times relevant to this lawsuit, the Defendants knew that the Work was originally published in the Las Vegas *Review-Journal*.

16. The Defendants' display of the Infringement was and is purposefully directed at Nevada residents.

17. The subject matter, at least in part, of the Work and the Infringement, is a Federal District Court Judge for the Southern District of Nevada that sentenced a man to merely probation due to his cooperation with the United States Attorney's office in the prosecution a tax fraud case.

18. The Defendants copied, on an unauthorized basis, a substantial and significant portion of the literary work entitled: "51s bobble lefty Mills' solid start" (the "51s Article"), attached hereto as Exhibit 3, from a source emanating from Nevada.

19. On or about May 31, 2010, the Defendants displayed an unauthorized reproduction of the 51s Article on the Website.

20. The Defendants' display of the 51s Article was purposefully directed at Nevada residents.

21. The Defendants knew, or reasonably should have known, that websites, such as the Website, are and were at all times relevant to this lawsuit, the habitual subject of postings by others of copyright-infringing content.

22. At all times relevant to this lawsuit, the Defendants did not institute any proactive policy of precluding or attempting to preclude the posting by others of copyright-infringing content on the Website.

23. At all times relevant to this lawsuit, the Defendants did not institute any proactive policy of monitoring or attempting to monitor the posting by others of copyright-infringing content on the Website.

24. At all times relevant to this lawsuit, the Defendants did not institute any proactive policy of deleting or attempting to delete the posting by others of copyright-infringing content on the Website.

25. At all times relevant to this lawsuit, the Defendants' failure to institute any proactive policies intended to address the posting by others of copyright-infringing content on the Website constituted and constitutes the Defendants' willful blindness to copyright infringements occurring on the Website.

## VENUE

26. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

27. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1400(a), because the Defendants are subject to personal jurisdiction in Nevada.

## FACTS

28. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

29. The Work was originally published on June 2, 2010.

30. On July 27, 2010, Stephens Media LLC ("Stephens Media), owner of the Las Vegas *Review-Journal*, assigned to Righthaven "all copyrights requisite to have Righthaven recognized as the copyright owner of the Work for purposes of Righthaven being able to claim ownership as well as the right to seek redress for past, present and future infringements of the copyright, both accrued and unaccrued, in and to the Work." (The "Assignment".)

31. Before the Assignment, Stephens Media and Righthaven had entered into a Strategic Alliance Agreement (the "SAA"), which governed the relationship between the two parties. On May 9, 2011, Stephens Media and Righthaven executed the Clarification and Amendment to Strategic License Agreement (the "Clarification") in order to clarify the parties' intentions regarding copyright assignments to Righthaven, and to eliminate Stephens Media's right of reversion and convert Stephens Media's right to use an assigned copyright to a mere non-exclusive license. The Clarification is retroactive to the effective date of the SAA. At least since the execution of the Clarification, Righthaven has been the sole current owner of the copyright in and to the Work and has standing to sue Defendants' for infringement of the Work.

32. On July 7, 2011, Stephens Media and Righthaven entered into an Amended and Restated Strategic Alliance Agreement (the "Restated Amendment") to further clarify the parties' intentions regarding copyright assignments to Righthaven, and to, among other things, grant Stephens non-exclusive license to exploit the Work, with a possibility that such non-exclusive license would terminate after five (5) years upon the voluntary election of an optional reversion. The Restated Amendment is retroactive to the effective date of the SAA. The Restated Amendment has sought to clarify, correct, amend and/or address issues identified in judicial decisions, which Righthaven respectfully disagrees with, that have determined Righthaven lacked standing to sue for past, present or future infringements of other copyrighted works in other cases. In view of the Assignment, the SAA, the Clarification, and now the Restated Amendment, Righthaven unquestionably owns the Work and has been properly conveyed the right to sue for past, present and future infringements of the Work, which includes Defendants' infringing conduct alleged herein.

33. On August 16, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007190931 (the "Registration") and attached hereto as Exhibit 4 is evidence of the Registration from the official USCO database record depicting the occurrence of the Registration.

34. On or about June 2, 2010, the Defendants displayed, and continued to display until on or about August 4, 2010, the Infringement on the Website.

35. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

36. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

### CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

37. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 36 above.

38. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

39. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

40. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

41. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

42. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

43. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

44. The Defendants distributed, and continued to distribute until on or about August 4, 2010, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

45. The Defendants publicly displayed, and continued to publically display, an unauthorized reproduction of the Work on the Website until on or about August 4, 2010, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

46. Brown Web Network has willfully engaged in the copyright infringement of the Work.

47. Mr. Houston has willfully engaged in the copyright infringement of the Work.

48. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

49. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

**PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a. All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

    b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

    c. All financial evidence and documentation relating to the Defendants' use of the Work;

3.      Order the surrender to Righthaven of all hardware, software, electronic media and domains, including the Domain, used to store, disseminate and display the unauthorized versions of any and all copyrighted Works as provided for under 17 U.S.C. § 505(b) and/or as authorized by Federal Rule of Civil Procedure 64;

4.      Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5.      Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6.      Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7.      Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this 7th day of July, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Plaintiff*